IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[12] CARLOS FIDIAN JIMÉNEZ-FELIZ,

Defendant.

CRIM. NO. 16-218 (GAG/SCC)

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY**

**I.  PROCEDURAL BACKGROUND**

On June 12, 2017, defendant Carlos Fidian Jiménez-Feliz was charged in a multi-count second superseding indictment. On September 26, 2019, the defendant, assisted by the court interpreter, appeared before me and agreed to plead guilty to counts one and two of the second superseding indictment. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 guilty plea hearing). Count One charges that the defendant with others being persons employed by and associated with the enterprise, which engaged in, and the activities of which affected, interstate and foreign commerce, knowingly ad intentionally conspired to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise though a pattern of racketeering activity, in violation of Title 18, United

1

<u>United States v. Jiménez-Feliz</u>
Crim. No. 16-218 (GAG/SCC)
<u>Report and Recommendation</u>

<u>States Code</u>, Section 1962(d). Count Two charges that the defendant with others, did

unlawfully obstruct, delay, affect, and attempt to obstruct, delay, and affect commerce,

and the movements of articles and commodities in such commerce, by robbery, and did

unlawfully take and obtain property from Gulf Gas Station convenience store, consisting

of eight hundred and seventy-one dollars (879) from the cash register, fifty (50) cigarette

cartons worth over three-thousand dollars and a fire extinguisher, among other items,

from an in the presence of C.B.S., against her will by means of actual and threatened force,

violence, and fear of injury, immediate and future of his person, that is with a

sledgehammer, in violation of Title 18, <u>United States Code</u>, Section 195 and 2.

The defendant was advised of the purpose of the hearing and placed under oath,

with instructions that his answers must be truthful or he would subject himself to

possible charges of perjury or making a false statement.

## II. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The defendant was provided with, and signed, a form waiving his right to trial by

jury.[1] He confirmed that his attorney explained and translated the form, and he was

---

[1]That form, entitled Consent to Proceed before a United States Magistrate Judge in a
Felony Case for Pleading Guilty, was signed and consented to by both parties, and is made part
of the record.

further explained his right to have all proceedings, including the change of plea hearing,

conducted by a district judge. To this end, defendant was made to understand the

differences between the functions and jurisdiction of magistrate and district judges, and

that, if he chose to proceed before a magistrate judge, that the magistrate would hold the

hearing and prepare a report and recommendation, which would be subject to review by

and the final approval of the district judge. Having heard all of this, the defendant

consented to proceed before a magistrate judge.

### III. PROCEEDINGS UNDER RULE 11 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The acceptance of guilty pleas for federal criminal violations is governed by Rule 11

of the Federal Rules of Criminal Procedure, pursuant to which a guilty plea is valid only

if it is knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir.

2009). Accordingly, Rule 11 "ensure[s] that a defendant who pleads guilty does so with

an 'understanding of the nature of the charge and consequences of his plea.'" *United States*

*v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (quoting *McCarthy v. United States*, 394 U.S. 459,

467 (1969)). Thus, a Rule 11 proceeding must indicate (1) the absence of coercion, (2) an

understanding of the charges, and (3) knowledge of the consequences of pleading guilty.

*Cotal-Crespo*, 47 F.3d at 4 (citing *United States v. Allard*, 926 F.2d 1237, 1244 (1st Cir. 1991)).

United States v. Jiménez-Feliz
Crim. No. 16-218 (GAG/SCC)
Report and Recommendation

### A.  Competence to Enter a Guilty Plea

The defendant was questioned about his age, education, employment, history of treatment for mental illness or addiction, use of medication, drugs, or alcohol, and his understanding of the purpose of the hearing. It was confirmed that the defendant received a copy of the indictment and fully discussed the charges with his counsel and was satisfied with the advice and representation he received. The court inquired whether counsel for the defendant or the government had any doubts about the defendant's capacity to plead; neither had any doubts about defendant's competency. Upon hearing the defendant's responses and observing his demeanor, a finding was made that the defendant was competent to plead and was fully aware of the hearing's purpose.

### B.  Maximum Penalties

The defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely, as to counts one and two, a term of imprisonment of not more than twenty (20) years, a fine not to exceed $250,000.00, and a term of supervised release of not more than three (3) years. However, defendant was also informed that a special monetary assessment of $100 per count would also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United

United States v. Jiménez-Feliz
Crim. No. 16-218 (GAG/SCC)
Report and Recommendation

States Code, Section 3013(a). The court explained the nature of supervised release and the

consequences of violating its terms.

### C. Plea Agreement

The defendant was shown documents titled Plea and Supplement to Plea

Agreement (together, "Plea and Supplement to Plea Agreement"), which are part of the

record, and identified his initials and signatures. He confirmed that he had the

opportunity to read and discuss the Plea and Supplement to Plea Agreement with his

attorney before signing, that his attorney had translated the document, that it represented

the entirety of his understanding with the government, that he understood its terms, and

that no one had made any other or different promises or assurances to induce him to

plead guilty.

Pursuant to the Plea Agreement in this case, the Government had agreed to

recommend, or has agreed not to oppose the defendant's request, that a particular

sentence or sentencing range is appropriate or that a particular provision of the

Sentencing Guidelines or sentencing factor does not apply. See Fed. R. Crim. P.

11(c)(1)(B). The defendant was admonished, pursuant to Rule 11(c)(3)(B), that his

sentence is a matter to be decided by the presiding judge, who may disregard the

United States v. Jiménez-Feliz
Crim. No. 16-218 (GAG/SCC)
Report and Recommendation

Agreement's recommendations and impose any sentence within the statutory range. To this end, the presiding judge may accept or reject the Plea Agreement or may defer decision until after considering the pre-sentence report. The defendant understood that he could not later withdraw his guilty plea because the presiding judge imposes a sentence greater than that recommended by the Plea Agreement.

The parties' sentencing calculations and recommendations appear in the Plea Agreement and were explained in open court. The defendant confirmed that these were the sentencing recommendations he agreed to with the government. The defendant was made to understand that the guidelines are no longer mandatory and are thus considered advisory, and that during sentencing, the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances, he or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agreed to waive his right to appeal the judgment and sentence if the court accepts the Plea Agreement and sentences him according to its terms and conditions.

6

United States v. Jiménez-Feliz
Crim. No. 16-218 (GAG/SCC)
Report and Recommendation

### D. Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and that if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him; that at trial he would have the right to hear and cross-examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf. He was further advised that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant expressed his understanding of these right, and his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights the court explained. The defendant's counsel attested that he explained these rights to his client and believed that the defendant understood his explanations.

<u>United States v. Jiménez-Feliz</u>
Crim. No. 16-218 (GAG/SCC)
<u>Report and Recommendation</u>

The defendant was also informed that parole has been abolished and that any sentence of imprisonment must be served. Further, defendant was explained that a pre-sentence report would be prepared and considered by the district judge at sentencing. Defendant was admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, including the right to vote, to hold public office, to serve as a juror, and to possess a firearm. The defendant expressed his understanding of these consequences.

### E. Factual Basis for the Guilty Plea

The government presented a summary of the basis in fact for the offense charged in count one and the evidence the government had available to establish the defendant's guilt beyond a reasonable doubt, should the case go to trial. The defendant understood this explanation and agreed with the government's submission as to evidence which could have been presented at trial.

### F. Voluntariness

The defendant stated that he had not been induced to plead guilty, but, rather, that he was entering such a plea freely and voluntarily because he is in fact guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea. He acknowledged that no one had made any promises in exchange for his guilty plea, other

United States v. Jiménez-Feliz
Crim. No. 16-218 (GAG/SCC)
Report and Recommendation

than the recommendations set forth in the Plea and Supplement to Plea Agreement.

Throughout the hearing, the defendant was able to consult with his attorney.

G.  Special Warnings

The defendant was explained, and he understood, that as a result of entering a guilty

plea, he may be subject to adverse administrative consequences, including but not limited

to deportation or removal from the United States of America.

IV. CONCLUSION

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal

Rules of Criminal Procedure and entered a plea of guilty as to counts one and two of the

second superseding indictment. After cautioning and examining the defendant under

Rule 11, I find that the defendant, Carlos Fidian Jiménez-Feliz, is competent to enter this

guilty plea, is aware of the nature of the offense charged and the maximum penalties it

carries, understands that the charge is supported by evidence and a basis in fact, has

admitted to the elements of the offense, and has done so in an intelligent and voluntary

manner with the full knowledge of the consequences of his guilty plea. Therefore, I

recommend that the court accept the guilty plea and that the defendant be adjudged

guilty as to counts one and two of the second superseding indictment.

United States v. Jiménez-Feliz
Crim. No. 16-218 (GAG/SCC)
Report and Recommendation

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 26th day of September, 2019.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE

10